**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **NO. CR 06-1022 RB** |
| ) | |
| ) | |
| **JOSE MAURICIO VARELA,** ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

**THIS MATTER** comes before the Court on Defendant's (Jose Mauricio Varela) Motion to Sever Counts (Doc. 42), filed on October 5, 2006, its own, *sua sponte*, bench rulings issued on February 15, 2007, and the Government's Motion to Reconsider (Doc. 77), filed on February 16, 2007.[1] For the reasons stated herein, Count 3 of the Indictment will be severed and the petit jury selected on February 14, 2007 must be dismissed.

**I.    Background.**

The facts and issues of this matter are familiar to the parties and will not be repeated herein. The underlying Indictment charges Defendant with: (1) Possession with Intent to Distribute 50 grams and more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) and 18 U.S.C. § 2 (Aiding and Abetting); (2) Carrying a Firearm During and in Relation to a Drug Trafficking

---

[1] Defendant's Motion in Limine (Doc. 41), filed October 3, 2006, the Government's Motion in Limine (Doc. 65), filed on February 2, 2007, and the Government's Second Motion in Limine (Doc. 66), filed on February 2, 2007, are addressed in a separate opinion. (Order [Doc. 81] 1.)

Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

This case is scheduled for a jury trial on February 20, 2007. A pretrial motions hearing was held on Wednesday, February 14, 2007, at 8:30 a.m.

*Voir dire* and jury selection were held, after the pretrial motion hearing concluded, beginning at 9:00 a.m. that same date. During *voir dire*, an extended discussion occurred between defense counsel, Herman Ortiz, and a juror regarding Count 3 of the Indictment: Felon in Possession of a Firearm. In several exchanges with Mr. Ortiz, the juror indicated that the Felon in Possession of a Firearm charge, in itself, prejudiced him. Therein, the juror questioned his ability to be an impartial juror in this case.

The Court attempted to rehabilitate the venire by, *inter alia*, underscoring that the parties contested both elements of the Felon in Possession of a Firearm charge. Nevertheless, when asked by Mr. Ortiz if the Court's clarification resolved his concern, the juror reiterated his earlier position regarding the charge. Immediately after the first juror concluded his remarks, another venire member asked Mr. Ortiz whether the Felon in Possession of Firearm charge, in itself, meant that Defendant was a felon. When Ortiz reiterated that Defendant contested all elements of each charged offense, the juror replied that defense counsel had not answered his question. The juror then reposed the same question, using the word "felon," in connection with Defendant, repeatedly. These regrettable events transpired in the presence of the entire venire.

To add to this, before beginning jury selection outside the panel's presence, the Court learned that the large stains on Defendant's light-colored shirt were blood. Even more remarkably, defense counsel informed the Court for the first time that the shirt - worn by Defendant during *voir dire* - was

2

the same shirt Defendant was wearing when he was arrested in connection to this case.

Thereafter, defense counsel renewed his Motion to Sever and orally moved the Court to grant a mistrial, based on the exchange regarding the Felon in Possession of Firearm charge. The Court denied the motions. Jury selection went forward; twelve jurors, and two alternates, were selected. Although the jurors were notified, they were not impaneled, on February 14, 2007.

After further reflection, however, the Court called an emergency status conference in this matter on February 15, 2007. At that time, the Court indicated that, in reviewing the events of the preceding day, it became clear that neither the Court's rehabilitative remarks during *voir dire*, nor a limiting instruction, could adequately ensure Defendant a fair trial under these circumstances. Consequently, the Court ruled that: (1) the jury, selected on February 14, 2007, will be dismissed and a new panel will be selected February 20, 2007; and (2) Defendant's Motion to Sever will be granted. This written Order expounds on the Court's reasoning.

**II. Discussion.**

    **A.  The petit jury selected on February 14, 2007 will be dismissed.**

The "determination of whether to excuse a juror rests on whether the juror can remain impartial." *United States v. Brothers*, 438 F.3d 1068, 1071 (10th Cir. 2006). And, as the Court of Appeals for the Tenth Circuit recently explained:

> [t]his rule is based on a defendant's Sixth Amendment right to a fair trial by an impartial jury . . . . an impartial jury in this context [is] a jury capable and willing to decide the case solely on the evidence before it. Clearly, such a jury must be composed of members who not only are free of bias in favor of or against a particular party but are also able, in a more basic sense, to carry out their function. Thus, Federal Rule of Criminal Procedure 24(c)(1) authorizes a district court to "replace any jurors who are unable to perform or who are disqualified from performing their duties." Federal Rule of Criminal Procedure 23(b)(2)(B) also indicates that a court may "find it necessary to excuse a juror for good cause after the trial begins."

*United States v. Brothers*, 438 F.3d 1068, 1071 (10th Cir. 2006) (remaining internal quotation marks, brackets, and citations omitted).  This logic applies, of course, with equal force to an entire jury venire.

Taken together, the events outlined above, *see* Part I., irreparably tainted the prospective jurors present at the February 16, 2007.  The exchange concerning the Felon in Possession of a Firearm charge was hugely prejudicial to Defendant.  The second jurors' comments - obviously prompted by the initial conversation - dispel any doubt that this unfortunate exchange tainted the jury panel.

Defendant's bloodied shirt further evidences the need for the jury selected on February 14, 2007 to be dismissed from this matter.  While the Court can not be certain that any prospective juror realized that Defendant's shirt was stained with blood, the Court is not willing to run that risk.  Especially having already found that the venire was incurably tainted by the *voir dire* discussion of the Felon in Possession of a Firearm charge, Defendant's shirt resolves any doubt that a new jury must be selected.  Accordingly, the jury panel selected on February 14, 2007 will be dismissed.[2]  A new jury, to be chosen from an entirely different group of prospective jurors, will be selected February 20, 2007.

**B.     Defendant's Motion to Sever will be granted.**

Defendant moves to sever Count 3 of the Indictment for trial.  Counts 1 and 2 stem from Defendant's alleged possession with intent to distribute methamphetamine, and carrying a gun in relation to that alleged offense.  Count 3 charges Defendant with being a Felon in Possession of a

---

[2]Quite obviously, severing Count 3 of the Indictment alone would do nothing to address the prejudice effected on February 14, 2007.

Firearm.  Defendant argues that:

> [b]y charging all of the offenses in the same indictment, the jury for the first two counts will hear evidence that [Defendant] is a felon. That information as to Count 3 will taint the jury as to Counts 1 and 2, as the "felon" label will have attached to the defendant.

(Def.'s Mot. to Sever 1.)

The Tenth Circuit is clear that:

> [u]nder Fed. R. Crim. P. 8(a), joinder of offenses is permitted if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Although alleged misjoinder under Rule 8 is a question of law subject to de novo review, we construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system.

*United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997) (quoting Fed. R. Crim. P. 8(a)).

At the same time, Fed. R. Crim. P. 14(a) provides that if joinder "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Prejudicial joinder occurs under Rule 14 when an individual's right to a fair trial is threatened or actually deprived." *Johnson*, 130 F.3d at 1427.

"Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, Nos. 05-1205, 05-1251, 2007 WL 155298, at *2 (10th Cir. Jan. 23, 2007) (internal quotation marks and citation omitted). To demonstrate "real prejudice, the defendant must demonstrate that the alleged prejudice he suffered outweighed the expense and inconvenience of separate trials." *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994) (internal quotation marks and citation omitted). It is well-settled that "[w]hether to grant severance under Rule 14 rests within the discretion of the district court." *Johnson*, 130 F.3d at 1427.

The Government maintains that "joinder of all three counts in this case is appropriate." (Govt.'s Resp. to Mot. to Sever 3.) Specifically, it claims that: (1) the three counts are properly joined under Rule 8 because the offense are "of the same and similar character"; (2) Defendant has not shown "real prejudice" and that, thus, severance is necessary and warranted; and (3) any prejudice to Defendant can be rectified by a limiting instruction. (*See id*. 3-6.)

Here, all of the contraband underlying the Indictment was found in Defendant's residence and vehicle pursuant to the same search warrant. The three offenses charged are, therefore, inextricably connected to a "common scheme of drug trafficking." *See United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (district court did not abuse discretion where it declined to sever "felon in possession of firearm" counts from other bank-robbery related counts where "the relationship of the charges clearly grew out of Mr. Jones' own conduct"); *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995) (noting that "[i]n other cases, where firearms have been discovered along with evidence of a defendant's drug trafficking, joinder of firearms and weapons charges has been approved due to the natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun" (citing, *inter alia*, *United States v. Valentine*, 706 F.2d 282, 289 (10th Cir. 1983) (finding that circumstantial evidence of a common scheme or plan linking between firearms and narcotics charges - i.e., that "the firearms and the drug were being used in pursuit of a common unlawful activity" - was sufficient where "guns and a large quantity of cocaine were found in the kitchen of the residence, along with other paraphernalia such as scales and 'cutting agents'")). Thus, at the time of the February 14, 2007 hearing on Defendant's Motion to Sever, Defendant had not evidenced how the prejudice to him from being tried on the combined charges

outweighed the significant "expense and inconvenience of separate trials." *See Martin*, 18 F.3d at 1518.

The *voir dire* proceedings demonstrated, for the first time, that Defendant would be unduly prejudiced by going forward on all three counts charged in the Indictment. Having witnessed the inherent difficulties posed with prosecuting this Defendant on the Felon in Possession of a Firearm charge, together with the narcotics-trafficking offenses, the Court finds that the "real prejudice" standard has been satisfied.

The Tenth Circuit's *United States v. Heckard*, 238 F.3d 1222, 1230-31 (10th Cir. 2001), decision is not to the contrary. In *Heckard*, the defendant faced two narcotics charges, as well as a "felon in possession of a firearm" charge. Yet, unlike this case - where Defendant has shown actual prejudice - the *Heckard* defendant argued only that the gun at issue was not "inextricably connected" to the narcotics charges. *Id*. at 1231 (gun "found twenty-four days after [the defendant's] last known drug-trafficking activity"). The Tenth Circuit rejected Heckard's assertion, noting that the defendant had "procured the revolver from his cocaine supplier and kept it in a location where drug transactions occurred." Therein, the court of appeals declined to find that Heckard had made the "strong showing of prejudice" needed to sever the firearm possession charge. *Id*. Thus, *Heckard* simply held that the district court did not abuse its discretion given that the defendant failed to "to show that he was unduly prejudiced by the district court's refusal to sever his firearm and narcotics charges." *Id*.

Nor is this Court's finding at odds with *United States v. Johnson*, 130 F.3d 1420 (10th Cir. 1997). There, the Tenth Circuit found there was no abuse of discretion where the district court "considered possible prejudice from a single trial on all counts against expense and inconvenience of separate trials," but "decided severance was not required." *Id*. at 1427. Further, the *Johnson* court

held that, in any case, the defendant failed to "demonstrate[] actual prejudice resulting from a single trial." *Id*. 1428 ("no indication that joinder of the firearms offenses or introduction of evidence concerning those offenses influenced the jury's verdict on Count 3").

By contrast, here, Defendant *has shown* that he will be "*unduly* prejudiced" by a joint trial. *Cf. Heckard*, 238 F.3d at 1231 (defendant failed to show actual undue prejudice); *Johnson*, 130 F.3d at 1427 (same). There is no doubt that jointly prosecuting the Felon in Possession of a Firearm charge, together with Counts 1 and 2 of the underlying Indictment, influenced the original jury panel. The questions raised by the prospective jurors on February 14, 2007 were rational, sensible, and, arguably, not unexpected. This Court finds that, at least under these circumstances, charging Possession with Intent to Distribute narcotics and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, with the Felon in Possession of Firearm charge unavoidably invites inquiries like those voiced during *voir dire*. The danger of prejudice to Defendant is undisputably real. Having so recently seen the potential for prejudice played out, I am simply not willing to risk a similar outcome with yet another panel.

The second prong of the "real prejudice" standard requires Defendant to demonstrate that the prejudice to him trumps "the expense and inconvenience of separate trials." *Martin*, 18 F.3d at 1518. This showing has also been made. In this instance, judicial efficiency concerns related to two trials are minimal. The second trial will all but certainly be on the Felon in Possession of a Firearm charge. Even if no stipulation regarding Defendant's alleged prior convictions were reached, the trial would involve a limited number of legal issues and witnesses.

As such, given the Defendant's showing of actual, undue prejudice, the resources expended for naught at the February 14, 2007 *voir dire*, and the fact that a separate trial would not be lengthy

or otherwise costly, the Court finds that severance is warranted in the interests of justice and judicial efficiency. Defendant's motion will be granted  *Id*.

        **C.**     **Government's Motion to Reconsider will be denied.**

In its Motion to Reconsider (Doc. 77), the Government argues that severing Count 3 is unnecessary to cure any "taint of the jury panel" caused during *voir dire*. Therein, the Government underscores that "severance is not necessary simply because a charge of violating 18 U.S.C. § 922(g)(1) is joined with a charged narcotics-related offense." (Govt.'s Mot. to Reconsider 2.)

The Federal Rules of Criminal Procedure do not recognize motions to reconsider pretrial rulings. Nevertheless, "courts in the Tenth Circuit have countenanced such a motion under the common law doctrine and considerations of judicial economy recognized in *United States v. Healy*, 376 U.S. 75 (1964)." *United States v. Sims*, 252 F. Supp. 2d 1255, 1260 (D.N.M. 2003) (citations omitted). Motions to reconsider are essentially treated as Fed. R. Civ. P. 59(e) motions to alter or amend judgment. *Id*. Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Id*. Only three grounds can justify granting motions to reconsider: "an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Id* (citations omitted).

The Government failed to evidence that any of these three grounds is present here. In any event, while the Court agrees that it is not compelled to sever the underlying counts pro forma, it underscores that, in this case, actual prejudice to Defendant was demonstrated, and would, likely, occur again.

The Government's motion will be denied.

### III. Conclusion.

For all the forgoing reasons, Defendant's Motion to Sever Counts (Doc. 42), filed on October 5, 2006, is **granted**, the petit jury selected February 14, 2007 is **dismissed**, and the Government's Motion to Reconsider (Doc. 77), filed on February 16, 2007, is **denied**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**