IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.  CR 06-1022  RB |
| | ) |
| JOSE MAURICIO VARELA, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

**THIS MATTER** comes before the Court on Defendant's (Jose Mauricio Varela) Motion in Limine (Doc. 41), filed October 3, 2006, the Government's Motion in Limine (Doc. 65), filed on February 2, 2007, and the Government's Second Motion in Limine (Doc. 66), filed on February 2, 2007.  A motion hearing on these motions was held on February 14, 2007.  Having considered the submissions, arguments of counsel, and being otherwise fully advised, I rule on these motions as follows.

**I.     Background.**

Following a lengthy criminal narcotics-trafficking investigation, an arrest warrant for Defendant's arrest and a search warrant for his residence (425 East Fifth Street, Lordsburg, New Mexico) issued on January 10, 2006.[1]  Border Operations Task Force (BOTF) agents arrested Defendant on January 11, 2006 and executed the search warrants on January 11, 2006 and January

---

[1] A full recitation of the Court's factual findings related to the investigation, which preceded the underlying Indictment, is set forth in the Memorandum Opinion and Order (Doc. 45), filed on October 6, 2006. That ruling upheld the legality of the underlying arrest warrant and search warrant.  Authorities' execution of the arrest and search warrants is detailed in the Memorandum Opinion and Order (Doc. 49), filed on October 13, 2006, which denied Defendant's suppression and discovery motions.

12, 2006.[2] They also searched the vehicle he was driving when he was arrested on January 11, 2006.

Ultimately, authorities' search of Defendant's vehicle yielded: methamphetamine (235 grams), several notebooks and logbooks, as well as two loaded handguns. Specifically, authorities discovered: (1) "a Ruger, Model P85, 9 mm pistol . . . under the driver's seat, where the defendant was sitting" before his [January 11, 2006] arrest"; and (2) "a New England Firearms, Model R73 Ultra, .32 caliber revolver . . . on the front passenger seat, inches from where the defendant was seated moments before his arrest." (Govt.'s Mot. in Limine 1-2.). These firearms underlie Count II of the Indictment. (*Id.*)

The search of Defendant's residence revealed: drug-distribution paraphernalia and at least nine firearms (named in Count 3 of the Indictment). The drug paraphernalia recovered by authorities apparently included: "munition parts, pipes, scales and paraphernalia not charged in the indictment." (Def.'s Mot. in Limine 1.)

On May 10, 2006, a federal grand jury indicted Defendant with: (1) Possession with Intent to Distribute 50 grams and more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (Aiding and Abetting); (2) Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to its Order (Doc. 80) of February 20, 2007, this Court severed Count 3 of the Indictment. Accordingly, at the jury trial scheduled to begin February 20, 2007, Defendant will only be tried for the offenses named in Counts 1 and 2 of the Indictment.

---

[2]BOTF is a collaborative law-enforcement initiative involving officers from federal, state, and local agencies.

**II.    Discussion.**

   **A.    Defendant's Motion in Limine will be granted in part and denied in part.**

Defendant moves to exclude - from both the Government's case-in-chief, and for impeachment purposes - the following pieces of evidence:

?   Items found in Defendant's residence during the January 11 and 12, 2006 searches, namely: "assorted firearms, munition parts, pipes, scales and paraphernalia not charged in the indictment."
?   Items found in Defendant's vehicle, but not charged in the indictment, namely: "notebooks" and "log books."
?   A $50.00 bill that is allegedly a part of the BOTF contingency fund, circa January 2005.

(Def.'s Mot. in Limine 1-2.)

Defendant argues that these items are prejudicial to him and that "their probative value does not outweigh their prejudicial nature" pursuant to Fed. R. Evid. 403. (*Id.*). At the February 14, 2007 motion hearing, the Government stated that it does not intend to introduce the $50.00 bill at trial.

The items found in Defendant's residence - i.e., "assorted firearms, munition parts, pipes, scales and paraphernalia" - are relevant to the possession with intent to distribute charge (Count I), regardless of the fact that they were not named in the Indictment. *See* Fed. R. Evid. 401. Likewise, the notebooks and log books are relevant to the narcotics charge. *See id.* These items are not subject to exclusion under Rule 403.

Rule 403 provides that relevant evidence may be "excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice, confusion of issues or misleading the jury . . ." *Id.* (emphasis added). The evidence Defendant seeks to exclude all appear to be items that, especially when found together, constitute drug-distribution paraphernalia. Such evidence is extremely probative in a § 841 prosecution. *E.g.*, *United States v. Allen*, 235 F.3d 482, 492 (10th

Cir. 2000) ("Facts that can go toward proving that a defendant possessed drugs with the intent to distribute include: (1) the amount of the drugs; (2) the way they are packaged; (3) the presence of cash; and (4) the presence of firearms.").

Because it did not file a written response, it is not clear whether the Government intends to introduce each item identified in Defendant's Motion in Limine. In any event, the Court will not permit the Government to present cumulative evidence - i.e., to "pile on" - at trial. *See* Fed. R. Evid. 403. Accordingly, Defendant's Motion in Limine to Exclude Evidence will be granted as to the $50.00 pre-marked bill, but otherwise denied.

### B. The Government's Motion in Limine in Support of Proposed Jury Instruction will be taken under advisement.

The Government filed a Motion in Limine (Doc. 65) in support of its Proposed Modified Jury Instruction No. 11, relating to Count 2. The Government's proposed instruction relates to 18 U.S.C. § 924(c)(1) and supplements 10th Cir. Criminal Pattern Jury Instruction § 2.45 (2006) significantly. This Court's "decision to give a particular jury instruction" is reviewed by the Tenth Circuit for "abuse of discretion"; the Tenth Circuit considers "the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *United States v. McClatchey*, 217 F.3d 823, 834 (10th Cir. 2000).

The Court finds it unnecessary to rule on this issue at present. Instead, the Government's motion will be taken up at the same time the Court hears from the parties regarding the Court's forthcoming proposed jury instructions. The motion will, therefore, be taken under advisement.

### C. The Government's Second Motion in Limine will be denied as moot.

The Government filed its Second Motion in Limine (Doc. 66) seeking admission of

4

Defendant's prior felony convictions. Defendant did not file a response.

Originally, Count 3 of the underlying Indictment charged Defendant with violating 18 U.S.C. § 922(g)(1). To be convicted of that crime, the jury must find that: (1) the defendant "knowingly possessed a firearm"; (2) "the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm"; and (3) "before the defendant possessed the firearm, the firearm had moved at some time [across state lines]. *See* 10th Cir. Criminal Pattern Jury Instruction § 2.44 (2006). Accordingly, the Government's motion states its intention to: (1) evidence Defendant's prior convictions in the form of "fingerprints, photographs, and conviction" documents; and (2) offer evidence of the "sentence imposed for each conviction"; but (3) "redact reference to the nature of the offense of each conviction." (*Id*. 3.)

In light of this Court's Order (Doc. 80) of February 20, 2007, the Government's motion will be denied as moot.

### III.   Conclusion.

For all the forgoing reasons, Defendant's Motion in Limine (Doc. 41), filed October 3, 2006, is **granted in part and denied in part**, the Government's Motion in Limine (Doc. 65), filed on February 2, 2007, is **taken under advisement**, and the Government's Second Motion in Limine (Doc. 66), filed on February 2, 2007, is **denied as moot**.

**IT IS SO ORDERED**.

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**