IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,   )
                            )
        Plaintiff,          )
                            )
v.                          )     NO. CR 06-1022 RB
                            )
                            )
JOSE MAURICIO VARELA,       )
                            )
        Defendant.          )

**O R D E R**

**THIS MATTER** comes before the Court on Defendant's (Jose Mauricio Varela) Motion for Order (Doc.114), filed June 8, 2007, and Attorney Herman Ortiz's Counter-Motion to Withdraw (Doc. 112), filed June 6, 2007. Having reviewed the submissions, relevant authority, statements of Defendant and counsel, and being otherwise fully advised, I hereby deny both motions.

**I.    Background.**

The facts and issues of this matter are familiar to the parties and will not be repeated herein. For present purposes it is sufficient to note that the underlying Indictment originally charged Defendant with: (1) Possession with Intent to Distribute 50 grams and more of Methamphetamine; (2) Carrying a Firearm During and in Relation to a Drug Trafficking Crime; and (3) Felon in Possession of a Firearm.

On February 14, 2007, the Court held a pretrial motions hearing regarding, *inter alia*, Defendant's Motion to Sever Counts (Doc. 42), filed October 5, 2006. Defendant's motion argued that Counts 1 and 2 should be tried in a separate proceeding from Count 3. At the conclusion of that hearing, the Court denied Defendant's motion.

Immediately following the hearing, *voir dire* and jury selection were held. Various issues that

arose during those proceedings, however, caused the Court to order that: (1) the jury selected on February 14, 2007 would be dismissed and a new panel would be selected February 20, 2007; and (2) Defendant's Motion to Sever would be granted.  The Court called an emergency status conference to announce its ruling to counsel February 15, 2007; a written Order expounding the Court's reasoning issued February 20, 2007.  (*See* Order [Doc. 80] 1.)

A second petit jury was selected and empaneled February 20, 2007.  Trial on Counts 1 and 2 of the Indictment commenced later that day.  During trial, however, significant discovery issues arose.  Consequently, a mistrial was declared Friday, February 23, 2007.

On March, 28, 2007, this Court - on the Government's motion - dismissed Counts 1 and 2 without prejudice.  (Order [Doc. 100] 1.)  As such, one charge remains: Felon in Possession of a Firearm.  *See* 18 U.S.C. § 922(g)(1).  A trial on Count 3 is scheduled for August 13, 2007.[1]    Defendant's motion asks this Court to: (1) appoint new counsel to represent him; (2) order his release, given Defendant's understanding that all the "charges have been dismissed"; and (3) have copies of habeas corpus materials mailed to him.  As grounds, Defendant states that: (1) he is "fed up with" his attorney, who he claims is incommunicative (e.g., Defendant states that Ortiz has not responded to his efforts, and those of his family's, to contact counsel); (2) his attorney has not sent him "documentation concerning [his] case"; and (3) he has not seen or heard from his attorney since April 19, 2007.

Defendant's attorney, Herman Ortiz, filed a response and "Counter-Motion to Withdraw" as counsel of record.  (Am. Resp. & Counter-Mot. [Doc. 112] 1.)  Therein, Ortiz stated that: (1) Defendant insists that he has no pending charges against him"; (2) he has explained in detail to [Defendant] that there

---

[1] Following the February 23, 2007 mistrial, the case was placed on the Court's April 2007 trial docket. That setting was later continued for ninety days due: (1) to certain *Brady v. Maryland*, 373 U.S. 83 (1963), disclosures made by the Government pursuant to this Court's Order of February 23, 2007; and (2) Defendant's need to investigate matters attendant thereto.  (Order [Doc. 104] 1.)

is one count in the indictment remaining against him and that this count is set for trial; (3) "Defendant insists counsel is misleading him"; and (4) Defendant's "lack of trust" has resultantly "destroyed" their attorney/client relationship.  (*See id*.)

At the June 11, 2007 proceeding, held pursuant to *United States v. Lott*, 310 F.3d 1231 (10th Cir. 2002), the Court made inquiries regarding Defendant's dissatisfaction with counsel and probed the state of their attorney/client relationship.  After hearing from Defendant and counsel, and observing their interactions, the Court denied Defendant's motion.  *See id*. at 1249.  This written Order expounds the reasons for that ruling.

**II.     Discussion.**

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict."  *Lott*, 310 F.3d at 1249 (internal quotation marks and citation omitted).  Notably, for good cause to be shown "there must be a total breakdown in communications."  *Id*. ("mere strategic disagreement between a defendant and his attorney" is not enough).

In determining "whether there has been a complete breakdown in communication," and, if so, "what relief should be provided," the Court of Appeals for the Tenth Circuit has stated that district courts should refer, "for general guidance," to *Romero v. Furlong*, 215 F.3d 1107 (10th Cir. 2000).  *Id*.  The *Romero* court considered four factors in assessing attorney/client relations and the "constitutional implications" of a total communication breakdown:

> 1) whether the defendant's motion for new counsel was timely; 2) whether the trial court adequately inquired into defendant's reasons for making the motion; 3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and 4) whether the defendant substantially and unreasonably contributed to the communication breakdown.

*Id*. (citing *Romero v. Furlong*, 215 F.3d 1107, 1250 (10th Cir. 2000)).  Additionally, the Court recognizes

that: "Even if . . . counsel is competent, a serious breakdown in communication can result in an inadequate defense . . . . [and that] failure to appoint new counsel when faced with a total breakdown in communication may thus constitute a denial of counsel in violation of the Sixth Amendment." *Id*. (internal quotation marks and citation omitted).

Here, the Court finds that there is not "a complete breakdown in communication between Defendant and counsel." *Id*. As to the first *Romero* factor, Defendant's motion comes very late in this proceeding. Trial is just two months away. Due to this matter's extensive motion practice, complicated discovery issues, and peculiar procedural history, appointing new counsel for Defendant at this juncture will, inevitably, result in Defendant's trial being delayed considerably. The Court is very concerned with Defendant's speedy-trial rights, especially in light of this prosecution's lengthy pendency.

As to the second, third, and fourth *Romero* factors, at the June 11, 2007 hearing it became apparent that Defendant's primary reason for seeking new counsel due to his strong belief that there are no charges pending against him. This misunderstanding apparently stemmed from: (1) the severance of Counts 1 and 2, from Count 3, on February 15, 2007; and (2) the March 28, 2007 dismissal of Counts 1 and 2.

Ortiz explained, at the June 11, 2007 hearing, that - despite his repeated efforts to explain that Count 3 is pending - Defendant is insistent that, when it severed Counts 1 and 2, the Court actually dismissed Count 3. This mistaken belief apparently stems from the fact Defendant - who Ortiz described as having a deep-ceded mistrust of the court system - was not present at the February 15, 2007 emergency status conference.

At the June 11, 2007 hearing, the Court squarely addressed Defendant's concerns. Speaking directly to Defendant, the Court explained in no uncertain terms that: (1) it had *not* dismissed, but only severed, Count 3 at the February 15, 2007 hearing; and, therefore (2) Count 3 remains pending. It underscored that it held the February 15, 2007 hearing simply to announce its decision to counsel to avoid

4

having to continue Defendant's trial to mid- to late- March 2007. The Court also explained that delaying the hearing to accommodate Defendant's appearance would have delayed his trial a full month. Thereafter, the Court asked Defendant whether he understood that he remains incarcerated awaiting trial on Count 3 of the Indictment. Defendant responded that he did understand.

Not surprisingly, Defendant's belief - however mistaken - that he was being held absent any extant charges, and his attorney's insistence to the contrary, caused him to mistrust Ortiz and put their attorney/client communications at an impasse. Because Defendant's misunderstanding is now resolved, the Court believes that attorney/client communications are no longer strained in this regard.

Defendant cited a second reason for his dissatisfaction with his attorney: counsel's failure to provide him with "documentation" concerning this case. At the June 11, 2007 hearing, Ortiz stated he had: (1) explained to his client that discovery issues that arose at the February 2007 trial had required significant investigation, which, in turn, caused the trial to be delayed until August 2007; (2) provided his client with copies of all filings in this matter, with the exception of the February 2007 trial transcript. Ortiz explained that he believed it unnecessary to order a copy of that document for Defendant.

At the June 11, 2007 hearing, the Court directed counsel to continue providing Defendant with documents filed in this matter. It confirmed that the complicated discovery matters that first arose during the February 2007 trial had prompted the trial setting needing to be continued to August 2007. Further, the Court noted that Ortiz has been an effective advocate for Defendant (e.g., the dismissal of Counts 1 and 2), and that Defendant had also had communication problems with his previous counsel, Ms. Jane Greek, who had also worked diligently on his behalf. The Court reiterated that appointing new counsel at this late stage would mean Defendant's trial could be delayed by as much as six months. Defendant stated that he understood the Court's concerns.

Following these statements, the Court took several moments to review relevant authority. During

this interlude, Defendant and Ortiz conversed independently at counsel table. Significantly, they did so without any hesitation or obvious discord. To the contrary, their interaction appeared amicable.

Taken together, the events of the June 11, 2007 hearing, outlined above, convince the Court that there is not a total breakdown in attorney/client communications between Defendant and counsel. *Lott*, 310 F.3d at 1249. Appointment of new counsel is, therefore, neither necessary nor in the interest of justice. Defendant's motion, as well as Ortiz's Counter-Motion to Withdraw, will be denied.

### III.     Conclusion.

For all the forgoing reasons, Defendant's Motion for Order (Doc.114), filed June 8, 2007, and Attorney Herman Ortiz's Counter-Motion to Withdraw (Doc. 112), filed June 6, 2007 are **denied**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**