# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **NO. CR 06-1022 RB** |
| ) | |
| ) | |
| **JOSE MAURICIO VARELA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Objections to the Addendum to the Presentence Investigation Report ("PSR"). Having considered the record, arguments of counsel, and being otherwise fully advised, the Court finds that Defendant's objections should be overruled.

### I.    Background.

On August 15, 2007, the jury found Defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 18, 2007, Defendant filed objections to the original PSR. In an Addendum to the PSR, the USPO determined the offense level of 24 was incorrectly calculated in the original PSR in that the cross-reference provision of U.S.S.G. § 2K2.1(c)(1)(A)[1] was applicable.

The USPO determined the facts indicated that Defendant possessed the firearms at issue while committing the offense of possession with intent to distribute 50 grams and more of

---

[1] The cross-reference of Section 2K2.1(c)(1)(A) provides that: "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, apply-[A] Section 2X1.1 (Attempt, Solicitation or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [pursuant to Section 2K2.1]."

methamphetamine, in violation of 21 U.S.C. § 841.  Upon comparing the resulting offense level, after applying § 2K2.1 with the resulting offense level after applying the cross-reference to § 2X1.1, the USPO determined that the cross-reference established a higher offense level of 34.  The PSR was re-disclosed to reflect the application of the cross-reference.

Defendant filed objections to the addendum to the PSR, contending that the application of the cross-reference is unlawful because the charges pertaining to the alleged narcotic offense were dismissed and application of the cross-reference would violate his Sixth Amendment right to a jury trial.  At the sentencing hearing of October 29, 2008, represented by new counsel, Defendant relied on *United States v. Myers*, 112 F.3d 406 (9th Cir. 1997), in support of his stance that, for the cross-reference to apply, the defendant must have "used" the firearms to commit the other offense.  The sentencing hearing was continued in order to allow the Court to consider Defendant's objections.

**II.    Discussion.**

**A.    Application of the cross-reference is lawful.**

A sentencing court may rely on uncharged facts in determining an appropriate sentence within the statutory range.  *United States v. Booker*, 543 U.S. 220, 233 (2005).  Long-standing authority has permitted the sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," *see* U.S.S.G. § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 156-67 (1997) (per curiam).

The Tenth Circuit has held, post-*Booker*, that a jury verdict of acquittal on related conduct does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence and the guidelines are advisory. *United States v. Magallanez*, 408 F.3d 672, 683-85 (10th Cir. 2005) ( citing *Watts*, 519

U.S. at 156-67); *see also United States v. Dalton*, 409 F.3d 1247, 1252 (10th Cir. 2005); *United States v. Sallis*, 533 F.3d 1218, 1225 (10th Cir. 2008). Dismissal of the drug charge does not render application of the cross-reference unlawful.

**B.      No Sixth Amendment violation would result from application of the cross-reference.**

Defendant's Sixth Amendment argument is similarly unavailing in that the Tenth Circuit has rejected this argument. "After Booker, a constitutional violation lies only where a district court uses judge-found facts to enhance a defendant's sentence mandatorily under the Guidelines, and not where a court merely applies such facts in a discretionary manner." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007) (alteration, quotation, and emphasis omitted). Application of the cross-reference would not violate Defendant's Sixth Amendment right to a jury trial.

**C.      *Meyers* is distinguishable and inconsistent with Tenth Circuit authority.**

In *Myers,* the defendant pleaded guilty to violating 18 U.S.C. § 922(g)(3), which prohibits unlawful users or addicts of controlled substances from possessing any firearm, and the drug trafficking charges were dismissed. *United States v. Myers*, 112 F.3d 406, 410 (9th Cir. 1997). The plea agreement expressly acknowledged the defendant's involvement with drug trafficking by stating that "[a] total of 71.1 grams of crack was sold, an amount established by lab reports and agreed to by defendant for sentencing purposes." *Id.*

Notably, the Ninth Circuit found that statement alone did not indicate whether Myers possessed a firearm "in connection with" the sale of drugs or "in connection with the commission of" the crime of selling drugs. *Id.* By contrast, in the instant case, the Court heard testimony and received other evidence concerning Defendant's possession with intent to distribute methamphetamine. This distinguishes *Myers* from the instant case.

Additionally, the reasoning of *Myers* was rejected by the Tenth Circuit in *United States v.*

3

*Valdez*, No. 06-8061, 2007 WL 2693854, *3-4 (10th Cir. Sept. 10, 2007), as inconsistent with Tenth Circuit law.  In *Valdez*, Judge Tacha wrote for the panel:

> As an initial matter, we reject the weight Ms. Valdez gives to the phrase "in connection with the commission . . . of another offense." We acknowledge that the Ninth Circuit in *United States v. Myers*, 112 F.3d 406 (9th Cir. 1997) reached the conclusion that Ms. Valdez entreats us to reach here-namely, that for § 2K2.1(c)(1) to apply, the defendant must have "used" the firearms to commit the other offense. In so doing, however, the Ninth Circuit appears to have ignored the explicit language of (c)(1) stating that the enhancement applies if the defendant "used or possessed " the firearm, a distinction we have previously noted is an "important" one. *See Sullivan*, 967 F.2d at 376 n. 8.
> Furthermore, under our case law, access to a firearm during a drug transaction, even if the firearm was not brandished, may constitute "use" under § 2K2.1(c)(1). In *Sullivan*, we interpreted an older version of § 2K2.1(c)(1) where the enhancement applied "[i]f the defendant used the firearm in committing or attempting another offense." *Id.* at 375-76 (citing U.S.S.G. § 2K2.1(c)(1) (1988)). That is, it did not allow for an enhancement based on the defendant's "possess[ion]" of a firearm as the enhancement does now. Even so, we upheld application of the enhancement when the defendant merely kept the weapon at his house, which was where he manufactured drugs. *See id.*; *see also Stobaugh*, 420 F.3d at 802 (applying enhancement, based on possession, when weapon was present at home from which defendant sold drugs); *Myers*, 112 F.3d at 412 (Rymer, J., concurring) ("[The defendant] referred to the firearm twice and said it was for security. That's 'use' to me.").

*Valdez*, 2007 WL 2693854.

The Tenth Circuit has held that the use of the cross-reference allows the sentence for the charged crime to reflect the reality of the crime.  *See United States v. Willis*, 925 F.2d 359, 3621 (10th Cir. 1991).  In the Tenth Circuit, the cross-reference requirement for use or possession is satisfied if the firearm facilitates or has potential to facilitate a drug offense.  *Valdez*, 2007 WL 2693854.  In this case, the evidence supports the conclusion that the firearms facilitated or had the potential to facilitate a drug offense.

**D.     Application of the cross-reference is lawful in this case.**

Defendant was originally charged with possession with intent to distribute 50 grams and

more of methamphetamine in violation 21 U.S.C. §841(a)(1).  Evidence presented to the Court indicated that Defendant used or possessed multiple firearms in connection with 166 net grams of methamphetamine, cash, and items commonly used for drug distribution.  Although the drug charge was dismissed (for reasons unrelated to the sufficiency of the evidence) after the mistrial, the evidence established, by at least a preponderance, that Defendant possessed methamphetamine with intent to distribute in close proximity of several firearms.  As a result, application of the cross-reference is appropriate.

**III.   Conclusion.**

Defendant's objections to the addendum to the PSR should be overruled and the cross-reference will be applied at sentencing.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Objections to the Addendum to the PSR are **OVERRULED**.

**IT IS FURTHER ORDERED** that the sentencing hearing will reconvene as the calendar of the Court permits.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**