# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

v.                                        No. CIV    11-908 RB/LFG
                                          No. CRIM  06-1022 RB

JOSE MAURICIO VARELA,

          Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("findings and recommendations") [Doc. 22], filed March 7, 2012, recommending dismissal of this action, with prejudice. More specifically, the Magistrate Judge found, *inter alia,* that Defendant/Movant Jose Mauricio Varela ("Varela") did not satisfy his burden of showing either of the Strickland requirements with respect to any of his four ineffective assistance of counsel claims. [Doc. 22, ¶ 43.] Therefore, the Magistrate Judge recommended that the ineffective assistance of counsel claims be denied and that the entire matter be dismissed, with prejudice. In addition, the Magistrate Judge recommended that a Certificate of Appealability not issue because Varela failed to make a substantial showing that he was denied a constitutional right.

On March 26, 2012, Varela filed timely objections. [Doc. 23.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendations to which Varela objects.

### **Varela's Objections**

1. *United States v. Fuentes*

In the discussion of Varela's first three claims of ineffective assistance of counsel (pertaining to the felon in possession conviction), the Magistrate Judge relied in part on an unpublished Tenth Circuit Court of Appeals decision – United States v. Fuentes, 119 F. App'x 248 (10th Cir. Dec. 27, 2004). The Magistrate Judge observed, *inter alia*, that:

> In Fuentes, the movant, like Varela, brought a § 2255 proceeding, arising out of his conviction on two counts of possessing a firearm after a former felony conviction. Id. at 249-50. Similar to Varela, Fuentes argued that because his former New Mexico felony conviction was more than ten years old, New Mexico law did not prohibit him from possessing firearms. Fuentes also relied on the definition of "felon" set out in NMSA § 30-7-16 . . . . The core arguments [raised by Fuentes] . . ., are the same as those raised by Varela – that because New Mexico law did not bar possession of a firearm based on the age of the prior convictions, the federal firearms convictions could not stand. Id. at 250.

[Doc. 22, ¶ 20.] As noted by the Magistrate Judge, the Tenth Circuit, in Fuentes, rejected the argument. In other words the mere fact that New Mexico law did not forbid possession of firearms by those convicted of felonies more than ten years ago, did not preclude the federal government from doing so. [Doc. 22, ¶ 21 (internal citations omitted).]

In his objections, Varela argues there are "distinguishable factual differences" or "glaring factual differences" between his case and the Fuentes decision. [Doc. 23, at 1-2.] He mistakenly asserts that in Fuentes, the prior criminal conviction at issue was committed within the State of

2

Kansas, rather than in New Mexico. This is not true. There is no mention of Kansas or a Kansas conviction in Fuentes. As noted above, Fuentes, like Varela, argued that "because his former *New Mexico felony conviction* was more than ten years old, New Mexico law does not prohibit him from possessing firearms." Fuentes, 119 F. App'x at 249 (emphasis added). Thus, his objections to the Magistrate Judge's reliance on Fuentes are misplaced and overruled.

2. ***United States v. Hall***

In addressing Varela's ineffective assistance of counsel claims (again pertaining to the felon in possession conviction), the Magistrate Judge also discussed the decision of United States v. Hall, 20 F.3d 1066 (10th Cir. 1994). The Magistrate Judge stated:

> In Hall, the Tenth Circuit reversed the defendant's conviction on the charge of possession of a firearm by a felon. . . . Hall contended that 18 U.S.C. § 922(g)(1) did not apply to him because, under Colorado state law, his civil rights had been restored and, thus, he had no prior crimes as defined by 18 U.S.C. § 921(a)(20). The Tenth Circuit observed that to determine if Hall was lawfully charged with violating § 922(g)(1), the Court must consider (1) if Colorado had restored Hall's civil rights, and (2) if Colorado law prohibited Hall from possessing a firearm at the time of his arrest. Id. at 1069. Colorado law automatically invested the rights to vote, sit on a jury, and hold office to persons provided they were not incarcerated or on probation. Thus, the Tenth Circuit held that under Colorado law, Hall's civil rights were restored and that his privilege to possess firearms also were restored, because his prior convictions were outside the ten year period.

[Doc. 22, ¶ 17.] The Magistrate Judge further noted Varela's initial position that his civil rights were fully restored under New Mexico law, but that in a subsequent pleading, Varela conceded that he failed the first prong of the Hall test, *i.e.,* restoration of civil rights, because New Mexico law prohibited Varela from holding public office. Varela then argued that he needed only to satisfy one of the two Hall requirements – that New Mexico did not prohibit him from possessing firearms.

3

[Doc. 22, ¶ 19.] The Magistrate Judge disagreed, concluding that Hall "required that two elements be met, not just one." Id. (internal citation omitted).

In his objections, Varela again misconstrues or misunderstands the Magistrate Judge's findings. He states that the Magistrate Judge incorrectly found that "only one of the two tests established by this Circuit in United States v. Hall, . . ., needs to be satisfied before a Defendant may be properly charged with a violation of 18 U.S.C. § 922(g)(1)." The Magistrate Judge found to the contrary. Varela further asserts that the "Magistrate Judge's finding that the 10th Circuit's inclusion of the word 'and' [in Hall] was not intended to mean that they required both prongs to be satisfied flies in the face of the plain definition of the word ... 'and' . . . ." [Doc. 23, ¶ 2.] This is inaccurate; the Magistrate Judge found both prongs had to be met.

Varela fails to identify any specific finding by the Magistrate Judge to support his position that the Magistrate Judge misstated the test. Indeed, the Magistrate Judge accurately recited the test as requiring the defendant to demonstrate both prongs of the Hall test. Furthermore, Varela failed to show he could meet both prongs of the test as he conceded that New Mexico law prohibited him from holding public office. The Court, therefore, overrules Varela's objections as to the Magistrate Judge's interpretation of Hall.

      3.    ***Ineffective Assistance of Counsel at Sentencing***

Varela's next five objections (nos. 3-7, pp. 3-5) concern the Magistrate Judge's findings that Varela failed to demonstrate ineffective assistance of counsel at sentencing. Varela admits that the Magistrate Judge was correct in referring to the 2005 version of the Sentencing Guidelines, rather than to the 2010 edition, as initially argued by Varela. However, Varela contends, that even under the 2005 Sentencing Guidelines, he was entitled to a downward departure/variance at sentencing

4

because he suffered from "an extraordinary physical impairment." Specifically, Varela asserts that because he was a man "confined to a wheelchair as a consequence of his numerous medical alimens [sic], it would have been 'more efficient and less costly' not to incarcerate [him] and simply offer him home detention . . . ." [Doc. 23, ¶ 3.]

In making this argument, Varela does not identify any alleged errors committed by the Magistrate Judge in his findings and recommendations. Indeed, the Magistrate Judge accurately observed that a downward departure might be appropriate under the 2005 version of the Sentencing Guidelines where a defendant had "an extraordinary physical impairment." [Doc. 22, ¶ 32.] Varela again objects on the grounds that his age and use of a wheelchair entitled him to a downward departure. Yet, the Magistrate Judge correctly noted that the 2005 Sentencing Guidelines provided "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted." Id. The same was true for age - a factor that was not ordinarily relevant in determining the justification for a downward variance.

The Court finds no merit in these objections and overrules them.

Varela next argues that while the Court may have reviewed and considered his medical condition at the time of sentencing, his appointed attorney failed to advocate for a departure based on Varela's "documented and substantiated medical ailments." [Doc. 23, ¶ 4.] Varela contends that his attorney was "silent" as to his physical condition. Id. In addition, Varela asserts that "it seems to strain all reasonable credibility to presume that, had [his attorney] advocated for a lesser sentence based on Varela's medical ailments, the Court wouldn't have more thoroughly considered the severity of the documented medical ailments." Id.

5

The Court clearly reviewed the PSR that detailed Varela's physical condition and observed that Varela was in a wheelchair. Moreover, at sentencing, Varela's attorney was not silent as to Varela's medical condition. Counsel argued to the Court (as noted by the Magistrate Judge), that Varela was "a man who has some age on him, who is suffering from profound medical difficulties . . . . He's wheelchair-bound." [Doc. 22, ¶ 34] (*citing* CR Doc. 181, at 9). Because of his medical condition, counsel further requested that the Court send Varela to a federal medical center. Id.

Thus, again, Varela misstates the record and identifies no error by the Magistrate Judge. His attorney was not silent at sentencing and did raise the pertinent issues related to Varela's physical condition. Further, Varela's speculation that the sentencing Court might have interpreted his medical ailments differently had counsel presented the issues more vigorously is unsupported and does not demonstrate ineffective assistance of counsel. Varela's physical condition was well documented at the time of sentencing. The Court overrules Varela's objections.

In addition, Varela takes issue with the Magistrate Judge's analysis of several cases cited by Varela in support of his position that a downward departure was warranted under U.S.S.G. § 5H1.4. In the cases cited by Varela, he admits that those defendants "faced medical conditions that required more immediate medical attention" than he did. [Doc. 23, ¶ 5.] However, he argues that they, like Varela, were all "more vulnerable in a prison setting to attacks by other inmates" because of medical condition.

Varela again identifies no error by the Magistrate Judge. Moreover, Varela's supposition that an inmate's medical condition might make him more vulnerable to attack while incarcerated does not reflect the standard that must be met to justify a downward departure under § 5H1.4 (physical condition). As correctly observed by the Magistrate Judge, these standards "are strictly

and generally [] met only upon a showing that the Bureau of Prisons cannot accommodate the person's medical condition." [Doc. 22, ¶ 35] (internal citations omitted). Varela did not demonstrate that the Bureau of Prisons could not accommodate his medical condition.

Therefore, the Court overrules these objections, as well as Varela's speculation that the sentencing Court was somehow likely to have granted a downward departure, "as a result of asserting his Constitutional right to a trial in front of a jury of his peers." The objection is nonsensical and is rejected.

Varela's final specific objection regarding his claim of ineffective assistance of counsel at sentencing concerns the Magistrate Judge's finding that Varela's case did not fall outside of the "heartland of cases," thereby justifying a downward departure. [Doc. 23, ¶ 7.] Varela makes summary assertions, without more, that he deserved a downward departure, and that his physical condition constituted an "extraordinary physical impairment." His conclusory arguments are insufficient.

The Magistrate Judge correctly observed when Varela was sentenced, his age and physical condition were not normally relevant in deciding whether to permit a downward departure. Consideration of such factors was actually discouraged. [Doc. 22, ¶ 37.] However, the sentencing Court was clearly aware of Varela's age and physical condition at the time of sentencing. The Magistrate Judge appropriately determined that Varela did not present evidence "that his age or physical condition [were] so unique or exceptional that they remove[d] him from the 'heartland of cases.'" Moreover, Varela simply presented no evidence that a downward departure was compelled by his circumstances, or that his counsel's assistance at sentencing was constitutionally defective or prejudicial. Therefore, Varela's objections are overruled.

With respect to the ineffective assistance of counsel claims, Varela did not provide evidence sufficient to overcome the strong presumption that his attorneys' actions were reasonable or that there was a reasonable probability that, but for alleged errors by counsel, the result of trial or sentencing would have been different.

Therefore, the Court agrees with the Magistrate Judge's findings and recommendations and overrules all of Varela's objections for the reasons stated above.

IT IS THEREFORE ORDERED that the Magistrate Judge's findings and recommendations are adopted by the Court, that no Certificate of Appealability shall issue, and that Mr. Varela's § 2255 motion [Doc. 1] and this action are dismissed, with prejudice.

UNITED STATES DISTRICT COURT